# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3896 | **DATE** | 6/18/2013 |
| **CASE TITLE** | Dennis M O'Donoghue vs. Pension Plan North Central & Midwest States | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed *in forma pauperis* [4] is denied. . Plaintiff is given until July 18, 2013, to pay the filing fee or to file an accurately and properly completed *in forma pauperis* application form for the Northern District of Illinois. Plaintiff is warned that failure to pay the filing fee or to file an accurately and properly completed *in forma pauperis* application form for the Northern District of Illinois by July 18, 2013, will result in the dismissal of the instant action. Plaintiff's motion for attorney representation [5] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Dennis O'Donoghue's (O'Donoghue) motion for leave to proceed *in forma pauperis* and motion for attorney representation. O'Donoghue has not completed the *in forma pauperis* application form for the Northern District of Illinois, and has instead completed a short form that does not request the same substantive information as the form specifically used in the Northern District of Illinois. Therefore, O'Donoghue's motion for leave to proceed *in forma pauperis* is denied. O'Donoghue is given until July 18, 2013, to pay the filing fee or to file an accurately and properly completed *in forma pauperis* application form for the Northern District of Illinois. O'Donoghue is warned that failure to pay the filing fee or to file an accurately and properly completed *in forma pauperis* application form for the Northern District of Illinois by July 18, 2013, will result in the dismissal of the instant action.

O'Donoghue also requests the assistance of counsel in accordance with *Ray v. Wexford Health Sources, Inc.*, 2013 WL 452769 (7th Cir. 2013); *see also, e.g., Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296 (1989); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007). An indigent civil litigant does not have a right to the assistance of counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can request that counsel voluntarily assist indigents in a civil action

pursuant to 28 U.S.C. § 1915(e)(1).

In determining whether to request the voluntary assistance of counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for attorney assistance, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse," and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, O'Donoghue has not shown that this case is overly complex or difficult, factually or legally. The court has considered the entire record in this case at this juncture, as it reflects on O'Donoghue's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. The court concludes that, based upon the record before the court, O'Donoghue is competent to present his case at this juncture without the assistance of counsel. Therefore, the motion for attorney representation is denied.